## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEGAN PERKINS, on behalf of herself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>THE NEW YORK TIMES COMPANY, d/b/a *THE NEW YORK TIMES*, )<br><br>Defendant. ) | Civil Action No. 1:22-cv-05202 (PKC)<br><br>**CONSENT PROTECTIVE ORDER** |

This case is before this Court for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Case Management Order. The parties anticipate that the discovery in this case may include production and disclosures by the parties and by third parties of information that may be confidential or proprietary, including, without limitation, financial information, personally identifiable information, and/or commercially sensitive confidential business information. Accordingly, entry of this Consent Protective Order is in the interest of all parties and in the interest of the fair and efficient administration of justice. Therefore, until further order of this Court, it hereby is ordered that the parties shall follow the procedures set forth below with respect to information, documents, testimony, or tangible things produced or otherwise disclosed in this litigation:

1. "CONFIDENTIAL Information" shall mean any information, documents, testimony, or tangible things ("Information") furnished in the course of this litigation regarded by a party or non-party as confidential and/or private information, including proprietary data, trade secrets, other valuable or commercially sensitive information, confidential or private information

1

concerning parties, witnesses, and persons not party to this action, and/or commercially sensitive or otherwise confidential information designated as "CONFIDENTIAL" pursuant to the procedures set forth below. The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to hard copy, electronically stored information, and audio and video recordings.

2. All Information that is designated CONFIDENTIAL under this Protective Order shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the Information under the terms of this Protective Order. CONFIDENTIAL Information received by any authorized person shall be used only for purposes of this litigation and for no other purpose.

3. If any Information designated CONFIDENTIAL is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such Information.

4. Information shall be designated CONFIDENTIAL within the meaning of this Protective Order in the following ways:

(a) In the case of documents or tangible things, including the information contained therein, that are produced by any party, designation shall be made by placing on each page of the document or each tangible thing the legend or stamp CONFIDENTIAL.

(b) In the case of electronic records (i.e., native electronic files such as, but not limited to, excel documents) where the files themselves are not stamped, designation shall be made in the discovery response by assigning those records a Bates number or numbers, followed by the appropriate designation for those records. The Bates number and confidentiality designation shall be affixed to a placeholder slipsheet that shall be produced contemporaneously with the corresponding native file. A confidentiality designation and/or Bates number may also be included in the title of a native file so long as the original title of the native document is also maintained (unless or as otherwise discussed in a separate discovery protocol).

(c) In the case of responses to interrogatories and requests for admission, including the information contained therein, designation shall be made by placing on the pages containing the CONFIDENTIAL Information the legend CONFIDENTIAL.

(d) With regard to subparts (a)-(c) above, in the event of an inadvertent or unintentional production without prior designation as CONFIDENTIAL has occurred, the party desiring to so mark such documents, records, or discovery responses as CONFIDENTIAL may do so by providing notice to the other party of such inadvertent or unintentional production, and marking such material as CONFIDENTIAL, within five business days of such discovery

(e) In the case of deposition testimony, counsel may designate, on the record, those portions of a deposition that counsel believes contain CONFIDENTIAL Information. If designation of CONFIDENTIAL Information is made, those portions of said depositions involving such CONFIDENTIAL Information will be taken with no one present except those persons who are authorized to have access to such CONFIDENTIAL Information in accordance with this Protective Order. A witness, whose deposition is being taken, may see any document identified as CONFIDENTIAL if the witness is within the category of persons entitled to see this type of

information, pursuant to the provisions described below in section 6.  Any party shall have thirty days after the receipt of the deposition transcript to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL.  Unless otherwise agreed by counsel, the right to make such designation shall be waived unless made within the thirty-day period.  Prior to such designation or the expiration of the thirty-day period, the entire deposition transcript shall be deemed CONFIDENTIAL Information.

     5.     The parties agree to designate Information as CONFIDENTIAL on a good-faith basis and not for purposes of harassing the other parties or for purposes of unnecessarily restricting the other parties' access to information concerning the lawsuit.

     6.     Discovery material designated "CONFIDENTIAL" may be inspected and disclosed only to the following persons:

     (a)     attorneys of record for the parties in this action and the staff of their respective law firms (including associates, legal assistants and paralegals) working on this action;

     (b)     the parties, including the directors, officers, managers, and employees of the parties to this action and their affiliates, including inside counsel of any party;

     (c)     court officials involved in this action, including court reporters, stenographers, and persons operating video recording equipment at depositions;

     (d)     witnesses, provided that (i) discovery material is used in connection with the examination of the witness; (ii) counsel using such documents or information believes in good faith that such use is necessary or appropriate; and (iii) the witness is first provided with a copy of this Order and executes Exhibit A, or is the author, recipient, or a copy of such discovery material;

(e) independent contractors, outside consultants and experts and their staff consulted or retained by a party for the purpose of assisting in the prosecution or defense of this action, provided the material is used only to the extent needed to perform their duties, that such persons shall be given a copy of this Order, advised that they are bound by it, and sign Exhibit A; and

(f) putative class action settlement administrator and their staff retained by a party for the purpose of evaluating and/or assisting with a potential or actual settlement of this matter;

(g) any other person who is designated as an authorized person by Order of this Court, after notice to the parties, or by agreement with the designating party.

7. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's Confidential Information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the Information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose Confidential Information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter

or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

8. If a party believes that a document designated or sought to be designated CONFIDENTIAL by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. If agreement cannot be reached by counsel, then the party desiring the designation to continue may present such dispute to the Court by motion under Rule 26(c), Fed.R.Civ.P., within fourteen (14) calendar days of the date of first written notice of any party's disagreement with any such designation. In the event that the party or parties desiring to continue such designation fails to meet this deadline, the prohibition against the contested disclosure shall terminate automatically without prejudice to the designating party's right to move for relief under Rule 26(c), Fed.R.Civ.P., with respect to that same Information. In the event the party or parties desiring to continue such designation meets this time deadline, all such designations shall be respected pursuant to the terms of this Order until the Court rules on the motion. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the designation of confidentiality. During the time after a dispute has been raised but not ruled on by the Court, this Order remains in effect.

9. Each person who has access to Information that has been designated as CONFIDENTIAL shall take all due precautions to prevent the unauthorized disclosure of such material.

10. Within thirty days of the conclusion of this action, including any appeals, all Information designated as CONFIDENTIAL by a party pursuant to this Order, and all copies thereof, shall be destroyed by all other parties, except that counsel for each party is entitled to keep copies of pleadings and correspondence and any attachments or exhibits thereto, including

CONFIDENTIAL Information, used in this litigation in a secure storage area subject to the terms of this Consent Order.  Within two business days of destruction, a party shall confirm such destruction in writing to the designating party.  The provisions of this Order insofar as they restrict the disclosure, communication of, and use of CONFIDENTIAL Information produced hereunder shall continue to be binding after the conclusion of this action.

11. Review of CONFIDENTIAL documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

12. Nothing contained in this protective order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

13. In the event that the recipient of any CONFIDENTIAL Information is served with a subpoena or other legal process in another action, by one not a party to this case, concerning materials subject to this Order, that person shall give prompt written notice of such event to the producing person and shall object on the basis of this Order to producing or responding to any such subpoena or other legal process.  The notice to the producing person shall be given in writing by electronic mail to counsel.  Within 15 days from the electronic mail receipt, counsel for the producing person shall advise the person who is to respond to the subpoena or other legal process of the producing party's position.

14. Nothing herein shall be construed as requiring the recipient of CONFIDENTIAL Information to challenge or appeal or to seek relief from any order requiring the production or other response concerning confidential materials, or to subject herself or himself or itself to any

penalties for noncompliance with any subpoena, legal process or order requiring the production or other response concerning such materials other than as stated herein.

15. A party needing relief from the provisions of this Order may, if agreement between or among the parties cannot be reached, seek appropriate relief from the Court upon notice to the other parties.

16. <u>Rule 502(d)</u>. The parties acknowledge that, despite each party's best efforts to conduct a thorough pre-production review of all productions, some information not subject to discovery (whether due to an applicable privilege or other legal protection) may be inadvertently disclosed to another party during the course of this litigation. If the producing party notifies the receiving party in writing that documents or other information have been inadvertently disclosed that the producing party believes in good faith to be subject to a claim of privilege, including but not limited to attorney-client privilege or attorney work product, Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply. This includes the maximum protection allowed by Federal Rule of Evidence 502(d). The inadvertent disclosure does not waive the privilege or protection from discovery in this case or in any other federal or state proceeding. The parties shall meet and confer concerning the inadvertently produced material within seven (7) business days after the producing party notifies the receiving party in writing of the inadvertent disclosure. If the parties cannot reach agreement on the claim of privilege, the producing party or the receiving party may then present the information to the Court under seal within fifteen (15) business days after the meet-and-confer for a determination of the claim.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
       October    10  , 2023

_____
P. Kevin Castel
United States District Judge

**WE CONSENT:**

/s/ J. Hunter Bryson_____
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

James DeMay (*pro hac vice*)
J. Hunter Bryson (*pro hac vice*)
900 W. Morgan Street
Raleigh, NC 27603
704-941-4648
E-mail: jdemay@milberg.com
E-mail: hbryson@milberg.com

Nick Suciu, III (*pro hac vice*)
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
313-303-3472
E-mail: nsuciu@milberg.com

Victoria Maniatis
100 Garden City Plaza, Ste 500
Garden City, NY 11530
866-252-0878
Email: vmaniatis@milberg.com

**BURSOR & FISHER P.A.**

Philip Lawrence Fraietta
Alec Mitchell Leslie
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
646-837-7150
Email: pfraietta@bursor.com
Email: aleslie@bursor.com

*Attorneys for Plaintiff*

/s/ Stephen V. Carey_____
**PARKER POE ADAMS & BERNSTEIN, LLP**

Stephen V. Carey (*pro hac vice*)
Parker Poe Adams & Bernstein LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
919-828-0564
E-mail: stevecarey@parkerpoe.com

Jasmine N. Little (*pro hac vice*)
620 S Tryon Street, Suite 620
Charlotte, NC 28202
919-828-0564
Fax: (919) 834-4564
E-mail: jasminelittle@parkerpoe.com

**THE NEW YORK TIMES COMPANY**

Karen A. Chesley
David Edward McCraw
Demetri Brumis Blaisdell
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-7314
demetri.blaisdell@nytimes.com

*Attorneys for Defendant*

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MEGAN PERKINS, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:22-cv-05202 (PKC) |
| v. | ) ) | **DECLARATION OF** |
| THE NEW YORK TIMES COMPANY, d/b/a *THE NEW YORK TIMES*, | ) ) ) ) | _____ |
| Defendant. | ) | |

1. My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

2. I live at: _____.

3. I am employed as (state position): _____.

4. The full name and address of my employer is: _____.

5. I am aware that a Consent Protective Order ("Protective Order") has been entered in the case of *Perkins v. The New York Times Company, d/b/a The New York Times* in the United States District Court, Southern District of New York ("Court"). A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

6. I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

7. Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL except as allowed by Protective Order.

8. I agree to use any Information designated CONFIDENTIAL solely in connection with participation in this action and for no other purpose.

9.      I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

10.     I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this _____ day of _____, _____.

_____

Signature

2