UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEGAN PERKINS on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE NEW YORK TIMES COMPANY, d/b/a *THE NEW YORK TIMES,*<br><br>Defendant. | Civil Action No. 1:22-cv-05202-PKC |

### DECLARATION OF PHILIP L. FRAIETTA IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Philip L. Fraietta, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action. I am an attorney at law licensed to practice in the State of New York, and I am a member of the bar of this Court. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this declaration in support of Plaintiff's motion for preliminary approval of the class action settlement filed herewith.

3. Attached hereto as **Exhibit 1** is a true and correct copy of the Parties' Class Action Settlement Agreement. Attached as **Exhibits C-E** to the Settlement agreement are the Proposed Class Notices.

4. Both before and throughout this litigation, Class Counsel has conducted a full and thorough investigation of this matter, which included consulting with potential experts, analyzing the strengths and weaknesses of the potential legal claims under North Carolina law, and reviewing outward-facing materials on Defendant's website and application, as well as various

documentation provided to us by Plaintiff.

5. The parties also engaged in significant formal and informal discovery, which included exchanging written discovery requests and responses, and reviewing documents. Plaintiff also sat for an all-day deposition.

6. From the outset of the case, the Parties engaged in direct communications, and as part of their obligations under Fed. R. Civ. P. 26, discussed the prospect of resolution. To that end, the Parties exchanged settlement materials and conducted various settlement-related phone calls. Ultimately, after Defendant's motion to dismiss had been denied in part, and after significant discovery had taken place, the Parties agreed to participate in a mediation with Marc Isserles, Esq., who is a neutral mediator affiliated with JAMS New York.

7. In advance of the mediation, the Parties exchanged informal discovery, whereby Defendant provided extensive financial records. Thus, the Parties were able to sufficiently assess the strengths and weaknesses of their cases before the Mediation.

8. On April 25, 2024, the Parties participated in a full-day mediation before Mr. Isserles. No agreement was reached that day.

9. Following the April 25, 2024 mediation session, the Parties continued to negotiate at arm's length, facilitated by Mr. Isserles. The Parties ultimately executed a class action term sheet on May 8, 2024. The agreement creates a $275,000 non-reversionary settlement fund, which will be used to pay all approved claims by class members, notice and administration expenses, a Court-approved incentive award to Plaintiff, and attorneys' fees to proposed Class Counsel, to the extent awarded by the Court.

10. I am of the opinion that Class Counsel have vigorously prosecuted this action. Class Counsel will continue to do so throughout its pendency.

11. My firm, Bursor & Fisher, P.A., has significant experience in litigating class actions of similar size, scope, and complexity to the instant action. (*See* Firm Resume of Bursor & Fisher, P.A., a true and accurate copy of which is attached hereto as **Exhibit 2**). My firm has also been recognized by courts across the country for its expertise and skilled and effective representation. *See*, *e.g.*, Exhibit 2; *see also Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. Feb. 25, 2014) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. … The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008."); *In re Welspun Litigation*, Case No. 16-cv-06792-RJS (S.D.N.Y. January 26, 2017) (appointing Bursor & Fisher interim lead counsel to represent a proposed nationwide class of purchasers of mislabeled Welspun Egyptian cotton bedding products). My firm has zealously represented the interests of the Class and committed substantial resources to the resolution of the class claims.

12. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine all the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length and with the assistance of a neutral mediator.

13. Apart from the Settlement Agreement itself, there are no additional agreements between the parties.

14. Plaintiffs and proposed Class Counsel recognize that despite our belief in the strength of Plaintiff's claims, and Plaintiff's and the Class's ability to ultimately secure a favorable judgment at trial, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain.

15. Plaintiff and proposed Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case could deprive the Plaintiff and the Settlement Class Members of any potential relief whatsoever. Defendant is represented by highly experienced attorneys who have made clear that absent a settlement, they are prepared to continue their vigorous defense of this case.

16. Plaintiff and proposed Class Counsel believe that the relief provided by the settlement weighs heavily in favor of a finding that the settlement is fair, reasonable, and adequate, and well within the range of approval.

17. Throughout the pendency of this action, Megan Perkins, the proposed Class Representative, has adequately and vigorously represented her fellow Class Members. She has spent significant time assisting her counsel, providing information regarding Defendant's policies and practices, produced hundreds of pages of documents, prepared for and sat for an all-day deposition, and assisted in settlement negotiations, which includes attending the April 25, 2024 mediation.

18. My firm is unaware of any individual actions that have been instituted by Class Members.

I declare under penalty of perjury that the above and foregoing is true and accurate. Executed on July 26, 2024 in New York, New York.

                                          */s Philip L. Fraietta*
                                           Philip L. Fraietta