UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MEGAN PERKINS, on behalf of herself and all
others similarly situated,

                          Plaintiff,

                                                                   22-cv-5202 (PKC)

        -against-

                                                                   <u>OPINION AND ORDER</u>

THE NEW YORK TIMES COMPANY, d/b/a
THE NEW YORK TIMES ,

                          Defendant.
-----------------------------------------------------------x
CASTEL, U.S.D.J.

        The motion for preliminary approval of class action settlements in the above-captioned case will be granted with modification.

        A district court has the "'duty to act as a fiduciary who must serve as a guardian of the rights of absent class members . . . .'" In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig., 772 F.3d 125, 134 (2d Cir. 2014) (quoting McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 419 (2d Cir. 2010)). "In the unique circumstance of a fairness hearing, the Court should consider all meritorious arguments brought to its attention." City of Livonia Employees' Ret. Sys. v. Wyeth, 2013 WL 4399015, at *11 (S.D.N.Y. Aug. 7, 2013) (Sullivan, J.). "One hallmark of a reasonable settlement agreement is that it makes participation as easy as possible, whether class members wish to make a claim, opt out, or object." McClintic v. Lithia Motors, Inc., 2012 WL 112211, at *6 (W.D. Wash. Jan. 12, 2012). "'There should be no unnecessary hurdles that make it difficult for class members to exercise their rights to opt out, object, submit a claim, or make an appearance.'" City of Livonia, 2013

WL 4399015, at *10 (quoting Federal Judicial Center, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, 3 (2010)).

      The Proposed Order of Preliminary Approval submitted by plaintiff would have required an objector to submit documentary evidence of their address and billing statements that is not required of other class members, provide background information about legal counsel "who in any way assist[ed]" the objector, describe the objector's history of objecting to class action settlements, require objectors assisted by counsel to file the objection via the Electronic Case Filing system instead of submitting them directly to chambers, and advised objectors that either class counsel or defense counsel may seek Court-ordered discovery from the objector. The proposed requirements would have needlessly frustrated and discouraged objections to the settlement with no countervailing benefits to the Court or the class.

      The proposed Order of Preliminary Approval will be granted with modification to the procedures for objecting. All notices to class members shall conform to the objection procedures set forth in the Order of Preliminary Approval.

      SO ORDERED.

                                             P. Kevin Castel
                                       United States District Judge

Dated: New York, New York
       October 1, 2024