**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MEGAN PERKINS on behalf of herself and all others similarly situated, <br><br>               Plaintiff, <br><br>     v. <br><br> THE NEW YORK TIMES COMPANY, d/b/a *THE NEW YORK TIMES,* <br><br>               Defendant. | Civil Action No. 1:20-cv-05202-PKC |

**DECLARATION OF PHILIP L. FRAIETTA IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Philip L. Fraietta, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am a partner at Bursor & Fisher, P.A., and I am Class Counsel in this action. I am an attorney at law licensed to practice in the State of New York, and I am a member of the bar of this Court. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2.      I make this declaration in support of Plaintiff's unopposed motion for final approval of the class action settlement filed herewith.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of the parties' Class Action Settlement Agreement.

4.      Both before and throughout this litigation, Class Counsel has conducted a full and thorough investigation of this matter, which included consulting with potential experts, analyzing the strengths and weaknesses of the potential legal claims under North Carolina law, and reviewing outward-facing materials on Defendant's website and application, as well as various documentation provided to us by Plaintiff.

5.     The parties also engaged in significant formal and informal discovery.  The parties completed fact discovery, including exchanging written discovery requests and responses, and reviewing documents.  Fact discovery closed on April 18, 2024.  Plaintiff Perkins also sat for an all-day deposition.

6.     From the outset of the case, the parties engaged in direct communications, and as part of their obligations under Fed. R. Civ. P. 26, discussed the prospect of resolution.  To that end, the parties exchanged settlement materials and conducted various settlement-related phone calls.  Ultimately, after Defendant's motion to dismiss had been denied in part, and after significant discovery had taken place, the parties agreed to participate in a mediation with Marc Isserles, Esq., who is a neutral mediator affiliated with JAMS New York.

7.     In advance of the mediation, the parties exchanged informal discovery, whereby Defendant provided extensive financial records and the total amount potentially at issue.  Thus, the parties were able to sufficiently assess the strengths and weaknesses of their cases before the Mediation, and their prospects for success.  The documents produced by the Times and Plaintiff's deposition highlighted the variety of risks of getting a class certified in this case.

8.     On April 25, 2024, the parties participated in a full-day mediation before Mr. Isserles.  No agreement was reached that day.

9.     Following the mediation session held on April 25, 2024, the parties continued to negotiate at arm's length, facilitated by Mr. Isserles.  The parties ultimately executed a class action term sheet on May 8, 2024.  The agreement creates a $275,000 non-reversionary settlement fund, which will be used to pay all approved claims by class members, notice and administration expenses, a Court-approved incentive award to Plaintiff, and attorneys' fees to proposed Class Counsel, to the extent awarded by the Court.  The settlement class consists of

approximately 275,000 members.

10.     I believe Class Counsel have vigorously prosecuted this action.  Class Counsel will continue to do so throughout its pendency.

11.     On October 1, 2024, the Court granted Plaintiff's Motion for Preliminary Approval (Dkt. No. 62).  Since the Court granted preliminary approval, Class Counsel has worked with the Settlement Administrator, Analytics Consulting LLC ("Analytics"), to carry out the Court-ordered notice plan.  As detailed in the accompanying Declaration of Caroline P. Barazesh of Analytics Consulting, LLC ("Barazesh Decl."), the Court-ordered notice plan has been carried out in its entirety, and direct notice was delivered by email or postcard to 94.72% of the Settlement Class.

12.     Pursuant to the Preliminary Approval Order (Dkt. No. 62), the deadline to opt-out of the Settlement was December 16, 2024.  As detailed in the Barazesh Declaration, there were only two requests for exclusions from the Settlement.

13.     Also pursuant to the Preliminary Approval Order (Dkt. No. 62), the deadline to object to the Settlement was December 16, 2024.  As detailed in the Barazesh Declaration, there have been zero objections to the Settlement.

14.     My firm, Bursor & Fisher, P.A., has significant experience in litigating class actions of similar size, scope, and complexity to the instant action.  (*See* Firm Resume of Bursor & Fisher, P.A., a true and accurate copy of which is attached hereto as **Exhibit 2**).  My firm has also been recognized by courts across the country for its expertise and skilled and effective representation.  *See*, *e.g.*, Exhibit 2; *see also Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. Feb. 25, 2014) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. … The firm has been appointed class counsel in dozens of cases in

both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008."); *In re Welspun Litigation*, Case No. 16-cv-06792-RJS (S.D.N.Y. January 26, 2017) (appointing Bursor & Fisher interim lead counsel to represent a proposed nationwide class of purchasers of mislabeled Welspun Egyptian cotton bedding products). My firm has zealously represented the interests of the Class and committed substantial resources to the resolution of the class claims.

15.     In addition, Milberg Coleman Bryson Phillips Grossman PLLC has a proven track record in the prosecution of complex class actions nationwide. Through each firm's efforts in this litigation, Class Counsel has obtained a very substantial percentage of the alleged damages Plaintiff sought to prove.

16.     The parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine all the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length and with the assistance of a neutral mediator.

17.     Apart from the Settlement Agreement itself, there are no additional agreements between the parties.

18.     Plaintiff and proposed Class Counsel recognize that despite our belief in the strength of Plaintiff's claims, and Plaintiff's and the Class's ability to ultimately secure a favorable judgment at trial, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain.

19.     Plaintiff and Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case could deprive the Plaintiff and the Settlement Class Members of any potential relief whatsoever. Defendant is represented by highly experienced

attorneys who have made clear that absent a settlement, they are prepared to continue their vigorous defense of this case.  At the time of the settlement, Defendant was prepared to seek permission to file a proposed motion for summary judgment, and had made it clear that it would vigorously contest the certification of a litigation class.

20.     Plaintiff and Class Counsel believe that the relief provided by the settlement weighs heavily in favor of a finding that the settlement is fair, reasonable, and adequate, and well within the range of approval.

21.     As discussed above and throughout Plaintiff's Motion for Final Approval of Class Action Settlement, the Settlement reached in this case was the product of negotiations conducted at arms' length by experienced counsel representing adversarial parties, and there is absolutely no evidence of fraud or collusion.

22.     There are no separate agreements to be identified pursuant to Federal Rule of Civil Procedure 23(e)(3).

23.     Throughout the pendency of this action, Megan Perkins, the Class Representative, has adequately and vigorously represented her fellow Class Members.  She has spent significant time assisting her counsel, providing information regarding Defendant's policies and practices, produced hundreds of pages of documents, prepared for and sat for an all-day deposition, and assisted in settlement negotiations, which includes attending the April 25, 2024 mediation.

24.     Without her willingness to assume the risks and responsibilities of serving as class representative, I do not believe such a strong result could have been achieved.  In short, Ms. Perkins assisted my firm in pursuing this action on behalf of the class, and her involvement in this case has been nothing short of essential.

I declare under penalty of perjury that the above and foregoing is true and accurate.

Executed on January 10, 2025, in New York, New York.

              */s Philip L. Fraietta*

              Philip L. Fraietta